Filed 7/1/16  P. v. McKinney CA3

<u>**NOT**</u> <u>**TO**</u> <u>**BE**</u> <u>**PUBLISHED**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# THIRD APPELLATE DISTRICT

## (Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　v.<br><br>BRIAN LEE MᴄKINNEY,<br><br>　　　　Defendant and Appellant. | C077824<br><br>(Super. Ct. Nos. 11F2857, 11F7131,<br>12F0169, 13F7399) |

Defendant Brian Lee McKinney pleaded no contest to numerous felonies, including transporting methamphetamine for personal use and possession of methamphetamine.  The trial court sentenced him to an aggregate term of 20 years four months in state prison.  Defendant now contends he is entitled to benefit from the recent amendments to the law regarding transportation of controlled substances and the People agree.  What the parties do not agree on is how to handle this matter on remand.

1

The People contend that, on remand, they are entitled to withdraw from the plea agreement and have all the charges and enhancement allegations reinstated because they have been denied the benefit of their bargain. The People also contend they are entitled to retry the transportation charge in order to prove defendant was transporting methamphetamine for purposes of sale. The People further contend that even if they are not entitled to withdraw from the plea, they are entitled to the restoration of sentencing enhancements dismissed by the trial court. Defendant disagrees with all of these contentions and so do we.

## FACTUAL AND PROCEDURAL BACKGROUND

In May 2011, the People charged defendant with transporting a controlled substance (Health & Saf. Code, § 11379, subd. (a)—count 1),[1] and possession of a controlled substance (§ 11377, subd. (a)—count 2) in Shasta County Superior Court case No. 11F2857 (case No. 2857). The People alleged that defendant had three prior drug convictions (§ 11370.2, subd. (c)), and served two prior prison terms (Pen. Code, § 667.5, subd. (b)). Defendant pleaded guilty to possession and admitted serving two prior prison terms. The remaining charge was dismissed and the remaining enhancement allegations struck. In exchange for his plea, defendant was placed on three years of Proposition 36 probation.

Three months later defendant admitted violating the terms of his probation. The trial court revoked and reinstated his probation pursuant to Proposition 36.

In November 2011, the People charged defendant with the sale or transportation of a controlled substance in Shasta County Superior Court case No. 11F7131 (case No. 7131). (§ 11379, subd. (a).) The People further alleged defendant had three prior

---

[1] Undesignated statutory references are to the Health and Safety Code.

2

drug convictions (§ 11370.2, subd. (c)) and served two prior prison terms (Pen. Code, § 667.5, subd. (b)). Defendant pleaded not guilty and denied the allegations.

A few months later in Shasta County Superior Court case No. 12F0169 (case No. 0169), the People charged defendant with failing to appear on a felony (Pen. Code, § 1320, subd. (b)). The People also alleged defendant was released on bail or his own recognizance when he committed the offense (*id.*, § 12022.1) and served two prior prison terms (*id.*, § 667.5, subd. (b)). Defendant again pleaded not guilty and denied the allegations.

Then, in April 2012, defendant withdrew his not guilty pleas in cases No. 7131 and No. 0169 and entered into a negotiated plea agreement resolving those two cases along with his probation violation in case No. 2857.

In case No. 7131, defendant pleaded no contest to transporting a controlled substance, and admitted the three drug conviction allegations as well as the two prior prison term allegations. The parties stipulated that the controlled substance was for personal use and all references to "sale" and "sell" were struck from the complaint. The trial court sentenced defendant to the upper term of four years, plus nine years for the prior drug convictions, and another two years for the prior prison terms. The court suspended execution of the sentence for three years and placed defendant on probation pursuant to Proposition 36.

In case No. 0169, defendant pleaded no contest to felony failure to appear and admitted the on-bail enhancement. In accordance with the plea agreement, the court sentenced defendant to eight months in state prison for his failure to appear, plus two years for the on-bail enhancement. The court ordered the sentence in case No. 0169 to run consecutive to the sentence imposed in case No. 7131. The court suspended execution of the sentence for three years and placed defendant on conditional revocable

3

release.  In exchange for defendant's plea, the enhancement allegations were dismissed on the People's motion.

On November 7, 2013, the trial court granted defendant's motion to vacate his sentence on the ground that it was unauthorized under Proposition 36 and vacated the sentence imposed in April 2012.

A few weeks later, the People charged defendant in Shasta County Superior Court case No. 13F7399 (case No. 7399) with possession of a controlled substance (§ 11377 subd. (a)), possession with intent to sell (§ 11378), receiving stolen property (Pen. Code, § 496, subd. (a)), and reckless evading a peace officer (Veh. Code, § 2800.2).  The People further alleged that defendant served three prior prison terms (Pen. Code, § 667.5, subd. (b)).  Defendant pleaded no contest to all of the charges and admitted serving the prison terms.

On October 20, 2014, defendant was sentenced in all four cases.  The trial court deemed defendant's conviction for transporting a controlled substance in case No. 7131 the principal term and sentenced defendant to four years in state prison.  The court added another three years for the three prior drug-related convictions and two years for the prior prison terms.

The remaining three cases were sentenced as subordinate terms.  In case No. 2857, the trial court sentenced defendant to eight months for the possession of a controlled substance (count 2) and struck the prior prison term allegations.  In case No. 0169, the court sentenced defendant to an additional eight months on the felony failure to appear plus two years for the on-bail enhancement.  In case No. 7399, the trial court sentenced defendant to eight months for each of his four convictions (possession of a controlled substance, possession with intent to sell, receiving stolen property, and reckless evasion of a peace officer), staying the sentence for his conviction for possession of a controlled substance.  The court struck the prior prison term allegations.

4

In sum, the trial court sentenced defendant to an aggregate term of 20 years four months in state prison. The court also awarded defendant 1,036 days of custody credit (518 actual and 518 conduct) and ordered him to pay various fines and fees.

**DISCUSSION**

**1.0    Defendant's Transportation Conviction Must Be Vacated and the Related Sentencing Enhancements Struck**

Defendant contends his felony conviction for transportation (case No. 7131) should be vacated and the related sentencing enhancements struck pursuant to the recent amendments to section 11379. We agree.

"At the time of defendant's conviction, section 11379, subdivision (a) provided that any person who 'transports' specified controlled substances including methamphetamine shall be punished by imprisonment. (§ 11379; Stats. 2011, ch. 15, § 174.) The courts had interpreted the word 'transports' to include transporting controlled substances for personal use. [Citations.] Effective January 1, 2014, after defendant's conviction, the Legislature amended section 11379 to define 'transports' as meaning to transport for sale. [Citations.]

"The amendment explicitly intended to criminalize the transportation of drugs for the purpose of sale and not the transportation of drugs for nonsales purposes such as personal use. (See Assem. Conc. Sen. Amends. to Assem. Bill No. 721 (2013-2014 Reg. Sess.) as amended June 27, 2013, p. 2 [' "This bill makes it expressly clear that a person charged with this felony must be in possession of drugs with the intent to sell. Under [Assembly Bill No.] 721, a person in possession of drugs ONLY for personal use would remain eligible for drug possession charges. However, personal use of drugs would no longer be eligible for a SECOND felony charge for transportation." '].)

"Generally, 'where the amendatory statute mitigates punishment and there is no saving clause, the rule is that the amendment will operate retroactively so that the lighter

5

punishment is imposed' if the amended statute takes effect before the judgment of conviction becomes final." (*People v. Eagle* (2016) 246 Cal.App.4th 275, 278-279.)

Here, the People concede defendant's sentence was not final at the time the amendments to section 11379 took effect. The People also concede that because the judgment was not final, defendant is entitled to benefit retroactively from the changes to section 11379. On these points, we agree. The People nevertheless argue they are entitled to retry the transportation charge in order to prove defendant was transporting the methamphetamine for purposes of sale. On this point, we disagree.

When a statutory amendment adds an additional element to an offense, the prosecution must be afforded the opportunity to establish the additional element upon remand. (*People v. Figueroa* (1993) 20 Cal.App.4th 65, 71-72, fn. 2.) Accordingly, such a retrial generally would not be barred by the double jeopardy clause or ex post facto principles because the question of whether defendant transported the methamphetamine for sale was not relevant to the charges at the time of his plea and, thus, the question was never tried. (See *id.* at pp. 69-72 & fn. 2.)

Here, however, the People stipulated that defendant was not transporting the methamphetamine for sale but for personal use. As a result of their stipulation, the allegation that defendant intended to sell the methamphetamine was struck from the complaint. Thus, while the question of whether defendant transported the methamphetamine for sale was not relevant to the charge at the time of the plea, the issue was actually decided. (See *People v. Palmer* (2013) 58 Cal.4th 110, 118 (*Palmer*) ["Stipulations obviate the need for proof and are independently sufficient to resolve the matter at issue in the stipulation."].) The People are therefore barred from retrying the issue. (*In re Cruz* (2003) 104 Cal.App.4th 1339, 1345 ["Collateral estoppel prohibits the same parties from retrying an 'issue of ultimate fact' identical to an issue actually and

6

necessarily decided in a prior proceeding that resulted in a final judgment on the merits."].)

Relying on the decision in *People v. Blackburn* (1999) 72 Cal.App.4th 1520, the People nevertheless argue they are permitted to retry the issue because the judgment is based on a no contest plea, which "is not entitled to collateral estoppel effect." (*Id.* at p. 1528.) The People's reliance on *Blackburn* is inapt. We do not read the decision in *Blackburn* as broadly as the People do, to suggest that a guilty plea is never entitled to collateral estoppel effect. In *Blackburn,* the issue was whether the People could plead and prove as a prior strike offense, a serious felony that was alleged in a prior matter but struck during plea negotiations, without violating the principles of double jeopardy and collateral estoppel. (*Id.* at pp. 1525-1530.) The appellate court ruled neither double jeopardy nor collateral estoppel precluded the People from pleading and proving in the pending matter that the prior allegation was a strike offense. (*Id.* at pp. 1530-1531.) Those are not the circumstances presented here.

Here, defendant's plea is not the deciding factor, the stipulation is. The People stipulated defendant was transporting the methamphetamine for personal use. That stipulation finally resolved the question whether defendant was transporting the methamphetamine for purposes of sale. (*Palmer*, *supra*, 58 Cal.4th at p. 118.) As a consequence, and unlike in *Blackburn,* the People could not later allege defendant was convicted of a serious or violent felony because he was convicted of transporting methamphetamine for the purposes of sale. The People foreclosed that option when they agreed defendant was transporting the methamphetamine for personal use. The People offer no reasoned analysis or relevant authority to support a contrary finding.

The People also are barred from amending the complaint on remand in order to charge defendant with simple possession. (§ 11377.) When "the prosecution is or should be aware of more than one offense in which the same act or course of conduct plays a

7

significant part, all such offenses must be prosecuted in a single proceeding unless joinder is prohibited or severance permitted for good cause." (*Kellett v. Superior Court* (1966) 63 Cal.2d 822, 827.) Failure to join all such offenses in a single proceeding will result in a bar to subsequent prosecution of the omitted offense if the earlier proceeding resulted in either acquittal or conviction and sentence. Thus, if defendant's conduct on October 12, 2011, could also have resulted in a charge for simple possession (§ 11377), the People were required to charge him with possession in the original complaint. They cannot piecemeal their prosecution.

In sum, defendant's conviction for transportation must be struck and the related sentencing enhancements vacated. (See *People v. Collins* (1978) 21 Cal.3d 208, 214 (*Collins*) ["A conviction cannot stand on appeal when it rests upon conduct that is no longer sanctioned."].)

## 2.0    The People Are Not Entitled to Withdraw From the Plea Agreement

The People contend they have been deprived of the benefit of the plea bargain and, on remand, they should be allowed to withdraw from the plea agreement and have all the original charges and sentencing enhancement allegations reinstated. We disagree.

"[T]he general rule in California is that a plea agreement is ' "deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy." ' " (*Doe v. Harris* (2013) 57 Cal.4th 64, 73 (*Doe*).) Thus, "[i]t follows, also as a general rule, that requiring the parties' compliance with changes in the law made retroactive to them does not violate the terms of the plea agreement, nor does the failure of a plea agreement to reference the possibility the law might change translate into an implied promise the defendant will be unaffected by a change in the statutory consequences attending his or her conviction. To that extent, then, the terms of the plea agreement can be affected by changes in the law." (*Id.* at pp. 73-74; *Johnson v.*

8

*Department of Justice* (2015) 60 Cal.4th 871, 888-889, fn. 10 [requiring the parties' compliance with changes in the law made retroactive to them does not violate the terms of their plea agreement].)

Here, nothing in the parties' plea agreements provided or implied defendant's felony conviction for transporting methamphetamine would be unaffected by subsequent changes in the law. (See *Doe*, *supra*, 57 Cal.4th at pp. 71, 73-74 [parties to a plea agreement may expressly or impliedly agree the plea agreement will be unaffected by subsequent changes in the law]; *People v. Smith* (2014) 227 Cal.App.4th 717, 728-730 [same]; cf. *People v. Arata* (2007) 151 Cal.App.4th 778, 787-788 [because it found the plea agreement contained an implied promise that the defendant's lewd act conviction would be expunged following his completion of probation, the court refused to apply a subsequent change in the Penal Code disallowing expungement upon completion of probation to the plea agreement].)

Moreover, although the amendments to section 11379, subdivision (a) rendered the conduct to which defendant admitted in case No. 7131 no longer punishable, defendant has not gained "total relief from his vulnerability to sentence." (*Collins*, *supra*, 21 Cal.3d at p. 215.) Even without the sentence imposed on his conviction in case No. 7131, defendant still faces a prison sentence for his remaining convictions in cases No. 0169 and No. 7399. And, unlike the defendant in *Collins*, who negotiated the dismissal of numerous criminal charges in exchange for his plea to a single charge, no charges were dismissed in case No. 7131 in exchange for defendant's plea. (*Collins*, at p. 211.) Rather, defendant pleaded no contest to the sole charge of transporting methamphetamine for personal use, which is no longer criminalized under section 11379.

Finally, unlike the defendant in *In re Blessing* (1982) 129 Cal.App.3d 1026, defendant's sentence was not affected by an intervening court decision but by a legislative determination of public policy. (See *Doe*, *supra*, 57 Cal.4th at p. 70.) The

9

decision to allow the People to withdraw from the plea agreement in *Blessing* does not, therefore, provide any guidance here.

We conclude the People are not entitled to withdraw from the plea agreement.

**3.0   The People Are Not Entitled to Have Restored the Dismissed Sentencing Enhancements**

The People further contend that even if they are not permitted to withdraw from the plea agreement, they are entitled to have restored the sentencing enhancement allegations that were dismissed in case No. 7399.  We are not persuaded.

In support of their contention, the People rely on this court's recent decision in *People v. Garner* (2016) 244 Cal.App.4th 1113.  In *Garner*, we found the trial court "never struck the prison term enhancements, but merely struck the punishment therefor." (*Id.* at p. 1117.)  We thus concluded the trial court could consider those prison term enhancements at resentencing.  (*Ibid.*)

With that decision in mind, the People argue the trial court here did not strike defendant's admission to the prior prison term enhancements, but struck only the punishment for those enhancements.  The record does not support the People's argument.

At sentencing, the trial court said, "and in case [No.] 13F7399, as to the [Vehicle Code section] 2800.2, the count 5, it would be one-third the midterm of eight months, for a total term of 20 years four months.  On that same case*, the* [*Penal Code section*] *667.5*[*, subdivision*] (*b*)*'s are stricken*."  (Italics added.)  There is no language limiting that strike to the punishment resulting from the sentencing enhancements; they were struck in their entirety by the trial court.  As such, they cannot be restored on remand.  (See *People v. Gonzalez* (2008) 43 Cal.4th 1118, 1128-1129 [proper procedure to preserve the enhancement is to impose the sentence, then stay the sentence—not strike the enhancement]; see also Cal. Rules of Court, rule 4.447.)

**4.0 Defendant's Felony Convictions for Possession of a Controlled Substance Must Be Reinstated**

In cases No. 2857 and No. 7399, defendant was convicted of possessing a controlled substance (§ 11377). The passage of Proposition 47 created Penal Code section 1170.18, which provides for any defendant "currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had [it] been in effect at the time of the offense [to] petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing" under the statutory framework as amended by the passage of Proposition 47. (Pen. Code, § 1170.18, subd. (a); see Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 14, pp. 73-74.) Among the crimes subject to redesignation and resentencing is possession of a controlled substance. (§ 11377, subd. (a); Pen. Code, § 1170.18.)

At the time defendant filed his Penal Code section 1170.18 petition in the trial court, his appeal was pending in this court. Because an appeal was pending, the trial court lacked jurisdiction to recall his sentence and resentence him under Penal Code section 1170.18 with respect to the convictions or sentence enhancements that are the subject of the pending appeal. (*People v. Scarbrough* (2015) 240 Cal.App.4th 916, 929.) Accordingly, the trial court's order granting the petition is void.

## DISPOSITION

Defendant's conviction for transportation of a controlled substance in case No. 7131 is vacated and the attendant sentencing enhancements are struck. The trial court's modification orders filed on April 24, 2015, are void for lack of jurisdiction and

11

the court's April 24, 2015 resentencing order is reversed.  The matter is remanded for resentencing in accordance with this opinion.  The judgment is otherwise affirmed.


                                                         BUTZ          , J.


We concur:


       BLEASE         , Acting P. J.


       DUARTE        , J.